**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| Karen E. Brennan | : | Bk. No. 21-10802 |
|     Debtor | : | Chapter 7 |

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

Now comes Lisa A. Geremia the duly appointed Chapter 7 Trustee in the above referenced matter, and hereby OBJECTS to the Debtor's claim of a homestead exemption pursuant to R.I.G.L. 9-26-4.1 in property located at 15 Elton Circle, Cranston, Rhode Island as follows:

1. On November 2, 2021, Karen E. Brennan (the "Debtor") filed for relief pursuant to Chapter 13 of the United States Code, and on January 19, 2022, the case was converted to a Chapter 7;

2. On January 19, 2022, Lisa A. Geremia, Esquire was appointed the Chapter 7 Trustee (the "Trustee");

3. On November 15, 2021, the Debtor filed the Missing Documents in the case, which included the initial Schedule C whereby the Debtor claimed a Homestead Exemption in property located at 15 Elton Circle, Cranston, RI [the "Property"]. At the time the petition was filed, the Debtor resided at 118 Royal Avenue, Cranston, RI.

4. The initial meeting of creditors ["MOC"] was held on February 10, 2022 at 12:00 p.m. and continued to March 3, 2022 at 10:30 a.m. for documents and amendments;

5. On February 22, 2022, the Debtor filed a 1st Amended Schedule C, which the Debtor asserted a Homestead Exemption in the Property;

6. On March 3, 2022, the MOC was not held but continued to April 7, 2022 at 10:30 a.m.;

7. On April 4, 2022, the Debtor filed a 2nd Amended Schedule C, which the Debtor

**In re: Karen E. Brennan;**
**Chapter 7; Bk. No. 21-10802**

asserted a Homestead Exemption in the Property;

8. On April 7, 2022, the MOC was continued to May 12, 2022.

9. Prior to MOC scheduled for May 12, 2022, Debtor's counsel faxed a copy of the Lease in place for Property since November 1, 2019. The Debtor did not disclose the Lease on her statements or schedules nor at the initial MOC.

10. On May 24, 2022, both Debtor and her counsel met at the Trustee's office to discuss her claim of the Homestead Exemption in the Property. At the meeting, the Debtor retracted her intent to reside in the Property, that the Property was being marketed for sale in 2022, that she did receive an offer to purchase the Property for the sum of $240,000.00, which failed due to the Lease provisions. Said Property was leased to unrelated 3rd parties since 2019 with a provision in the Lease, which included an option to purchase the Property on or before November 1, 2022 by the current tenants. The Debtor stated to the Trustee that she had no intent to reside in the Property. The Debtor agreed to amend Schedule C to claim federal law exemptions.

11. The MOC was adjourned on May 25, 2022.

12. Based on the meeting disclosures, on June 2, 2022, the Debtor filed a 3rd Amended Schedule C [Docket # 80] changing the claimed exemptions from Rhode Island state law to federal exemptions. The Debtor now claimed an exemption in the Property pursuant 11 U.S.C. (d)(5) in the amount of $7,540.00.

13. On June 21, 2022, the Debtor also amended Schedule G [Docket #85] for the first time to disclose the 2019 Lease between the Debtor and Tenants, which includes the Option to Buy. *Please refer to Exhibit A attached hereto.*[1]

---

[1] The Debtor has been collecting rent in the amount of $1250.00 per month since the case was converted to a Chapter 7. The Trustee plans to make demand for the rents collected during

In re: Karen E. Brennan;
Chapter 7; Bk. No. 21-10802

14. On August 4, 2022, Wells Fargo Bank filed a Motion for Relief from Stay to Foreclose ["MRS"] on the Property. Said Motion indicates that the balance on the 1st mortgage as of July 5, 2022 is $170,062.03 with an arrearage of $54,325.49.

15. There is also a 2nd mortgage with Pawtucket Credit Union with an estimated balance of $21,000.00.

16. On August 16, 2022, the Trustee filed a Limited Exemption to the MRS to the extent there are surplus proceeds after the foreclosure. Said surplus proceeds should be delivered to the Trustee.[2]

17. On August 24, 2022, the Debtor filed a "Text" Withdrawal of the Amendment to Schedule C [Docket #80] filed on June 2, 2022, which reflects the change from Rhode Island state law exemptions to federal law exemptions.[3]

18. On August 24, 2022, the Debtor filed a Limited Objection to the MRS arguing that any surplus proceeds after foreclosure belong to the Debtor in light of her claimed exemption in the Property per R.I.G.L. 9-26-4.1.

19. The Trustee hereby objects to the Debtor's claim of exemption in the Property pursuant to R.I.G.L. 9-26-4.1 as the Debtor does not reside at the Property, that she admitted to the Trustee that she has no intention to reside in the Property, that she marketed the Property for sale during the Chapter 7, that a sale fell-through due to the provision in the Lease offering the Property for Sale to the current tenants, that she has made false oaths and false testimony with

---

the Chapter 7.

[2] The trustee believes that there may be equity of $47,000 based on the payoffs to the 1st and 2nd mortgage holders.

[3] The trustee asserts that the Text Withdrawal of Amended C [Docket #80] was filed in bad faith.

In re: Karen E. Brennan;
Chapter 7; Bk. No. 21-10802

respect to the Property since the time the Chapter 13 was filed, and she has no reasonable expectation to reside in said Property in light of the fact that she has not made any payments to the mortgage holder since June 1, 2019.[4]

20. The facts of the case together with the Debtor's testimony at the MOCs and the meeting with the Trustee do not constitute sufficient intent to reside in said Property, which is a requirement of R.I. G. L. 9-26-4.1.

> § 9-26-4.1 Homestead estate exemption. – (a) In addition to the property exempt from attachment as set forth in § 9-26-4, an estate of homestead to the extent of five hundred thousand dollars ($500,000) in the land and buildings may be acquired pursuant to this section by an owner of a home or an individual who rightfully possesses the premises by lease, as a life tenant, as a beneficiary of a revocable or irrevocable trust or otherwise, and who occupies or intends to occupy the home as his or her principal residence. The estate of homestead provided pursuant to this section shall be automatic by operation of law, and without any requirement or necessity for the filing of a declaration, a statement in a deed, or any other documentation.

Judge Hillman in the case of *In re Roberts*, 280 B.R. 540, 546 (Bankr. D. Mass. 2001) discusses the definition of "intent to reside" in his decision in which he sustained the Trustee's Objection to the Homestead Exemption on the grounds that the Debtor lacked the requisite intent to reside. Judge Hillman cited the case of *In re Dennison*, 129 B.R. 609, 611 (Bankr.E.D.Mo.1991) ("An intent to occupy the premises must be exhibited by both a declaration of such intent and overt acts in support of such intention.... Regarding the debtor's control over the time of occupation, the debtor must prove that such occupation is either imminent or reasonably close in time and is neither indefinite nor incapable of measurement."). Judge Hillman stated that "intent must be linked to actual occupancy in the not too distant future". See *Roberts* at page 546. See also *In re Donald L. Genzler*, 426 B.R. 407 (Bankr. D. Mass. 2010).

Judge Votolato in the case of *In re Richard Franklino*, 329 B.R. 363, 366 (Bankr. D. R.I.

---

[4] The amount of the arrearage is estimated to be $54,325.00.

**In re: Karen E. Brennan;**
**Chapter 7; Bk. No. 21-10802**

2005) followed the reasoning espoused in *In re Roberts* at Id. states: "Here, the Debtor's bare assertion that he plans to move into the property, coupled with the fact that he has the burden of establishing such intent, and implicitly the financial wherewithal to do so, requires a finding based on the evidence, the totality of circumstances, and the applicable law, that the Debtor has not met said burden." In this case, the Trustee's Objection to Exemption of Homestead was sustained.

In order to qualify for a homestead exemption, a totality of the circumstances review should be employed to determine whether or not the intent to reside is realistic based on the facts of the case as set forth herein. It is the Trustee's position that based on this type of review and the facts of this case the Debtor does not possess a reasonable expectation of intent to reside in the Property.

**WHEREFORE**, for the above mentioned reasons, your Trustee hereby OBJECTS to the claimed exemption in real estate known as 15 Elton Circle, Cranston, Rhode Island pursuant to R.I.G.L. 9-26.4.1., and therefore said Property is not properly exempt under this statute.

Dated: September 12, 2022

/s/ Lisa A. Geremia
Lisa A. Geremia, Trustee[#5541]
GEREMIA & DEMARCO, Ltd.
Village on Vine
620 Main Street, CU 3A
East Greenwich, RI 02818
(401) 885-1444 Telephone
(401) 471-6283 Facsimile
Lisa@geremiademarco.com

**In re: Karen E. Brennan;**
**Chapter 7; Bk. No. 21-10802**

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATION

I hereby certify that on September 12, 2022, I electronically filed the within Trustee's Objection to Exemption with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: The Office of the U.S. Trustee, Edward J. Gomes, Esquire, Jeffrey J. Hardiman, Esquire and Paul G. Manning, Jr., Esquire; and

I hereby certify that I have mailed by via First Class Mail, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: Ally Bank, c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118, PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541 and Ms. Karen E Brennan, 118 Royal Avenue, Cranston, RI 02920.

/s/ Lisa A. Geremia